FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JODIANNE WAGNER,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTY OF SPOKANE, a public entity;  DANIEL MOMAN, an individual; SAMUEL TURNER, an individual; MARK BENNER, an individual; ANDRIA UNDERWOOD, an individual; and LAURA GARR, an individual also known as Laura Serghini,<br><br>                Defendants. | NO:  2:19-CV-40-RMP<br><br>ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendants' Motion for Protective Order, ECF No. 28, and an accompanying Stipulation of the Parties, ECF No. 30.  In the Stipulation, the parties agree to be bound by the Proposed Protective Order, filed concurrently with the Defendants' Motion for Protective Order.  ECF No. 30 at 2–3. A district court may enter a protective order upon a showing of good cause.  Fed. R.

ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1

Civ. P. 26(c).  Having reviewed the proposed order and the record, the Court finds that good cause exists to enter the stipulated Protective Order.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' unopposed Motion for a Protective Order, **ECF No. 28**, and the parties' Stipulation, **ECF No. 30**, are **GRANTED**.  The Protective Order is set forth below.

## PROTECTIVE ORDER

RCW 13.50, RCW 74.04, RCW 74.13, and RCW 26.44 establish that the Department of Children, Youth and Families' ("DCYF) records and files and information therein are confidential and privileged and that these files also may contain documents confidential or privileged under 45 C.F.R. 164 (HIPAA), RCW 10.97, RCW 70.02, RCW 71.34, RCW 70.69A, and personal information of clients of the Department of Children, Youth and Families that are exempt from disclosure under the Public Disclosure Act, RCW 42.56.230.

1. <u>Purpose and Limitations</u>: Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the Court enters this Protective Order. The parties acknowledge that this Protective Order is consistent with Federal Rule of Civil Procedure 26(c).  It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principals; and it does not presumptively entitle

parties to file confidential information under seal. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006).

2. <u>Conference of the Parties</u>: The parties conferred about the need for a protective order as required by Rule 26(c)(1) and agree that a protective order is required to authorize disclosure.

3. <u>Need for Production</u>: The parties' need for production of privileged and confidential information and records outweighs any reason for maintaining the privacy and confidentiality of those records.

4. <u>Confidential Material</u>: "Confidential" material shall include, but is not limited to the following documents and tangible things produced or otherwise exchanged:

- Complete DSHS/ DCYF file of Jodianne Wagner (Ax file and FAM file)

- Complete DSHS/ DCYF file on Mercedes Wagner (Ax file and FAM file)

The above listed files shall be produced under the following conditions:

a. State Defendants shall produce copies of these files unredacted as to the names and personal information, including medical, psychological, alcohol and chemical dependency treatment, sex offender status, and any related CPS referrals or law enforcement contracts of the following individuals:

i.     Plaintiff Jodianne Wagner, Ms. Wagner's minor children, M.A.W., M.P.W., M.J.W., T.S.W., L.E.W., and J.E.W.;

ii.     Jeff Wagner, the biological/ adoptive father of M.A.W., M.P.W., T.S.W., L.E.W., Linelle E. Wagner, Mercedes W. Wagner, Monica E. Wagner, Katelynne B. Wagner; and

iii.     Mercedes W. Wagner, Monica E. Wagner, Katelynne B. Wagner.

b. The names and personal information of non-party minor children, other than those specifically referenced above, shall be redacted.

c. The names of mandatory reporters shall be produced unredacted from referrals.

d. Personal information of foster parents shall be produced unredacted.

e. Information related to the welfare/ child support files of the above listed individuals shall be produced unredacted.

f. Personnel files of DSHS/ DCYF employees shall be produced with personal information such as home addresses, social security numbers, bank account numbers, personal phone numbers, personal email addresses, and information regarding their children redacted pursuant to RCW 42.56.250.

g.  Non-party social security numbers and all attorney client information shall be redacted.

h.  A privilege log will be included in all productions noting documents redacted or withheld and the reasons therefore.  No privilege log will be required for withholding the names, personal identifying information, and social security numbers of non-party minors and non-party adults.

5.  <u>Scope</u>: The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or presentations by the parties or their counsel that might reveal confidential material.  However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

***Access to and Use of Confidential Material***

6.  <u>Basic Principles</u>: A receiving party may use confidential material disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential material must be stored and maintained by a receiving party at a secure location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. <u>Disclosure of Confidential Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential information only to:

    a. The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. The officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for attorneys' eyes only and is so designated ("attorneys' eyes only");

    c. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by the terms of this order;

    d. The Court, court personnel, and court reporters and their staff;

    e. Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound by the terms of this order unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>Filing Confidential Material</u>: Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

***Designation of Protected Material***

9. <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or

written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

10. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

11. <u>Information in Documentary form</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

12. <u>Testimony Given in Deposition or in Other Pretrial or Trial Proceedings</u>: The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential. Prior to introducing as evidence or otherwise disclosing to a jury the existence of any of the aforementioned information or documents, a hearing shall be held outside the presence of the jury wherein the court will determine the admissibility of the aforementioned information or documents.

13. <u>Other Tangible Items</u>: The producing party must affix in a prominent place on the exterior of the container or containers in which the information or items is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

14. <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

### *Challenging Confidentiality Designations*

15. <u>Timing of Challenges</u>: Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16. <u>Meet and Confer</u>: The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

17. <u>Judicial Intervention</u>: If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

18. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>: If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    a.  Promptly notify the designating party in writing and include a copy of the subpoena and court order;

    b.  Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all fo the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c.  Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

19. <u>Unauthorized Disclosure of Protected Material</u>: If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute an acknowledgement and agreement to be bound by the terms of this Order.

20. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>: Inadvertent disclosure of privileged and/or attorney work product shall be protected under Federal Rule of Evidence 502(d) provided that the party asserting the claim of privilege or attorney work product after production has given prompt notice in writing to the receiving party, unless the circumstances preclude such notice (i.e. in a deposition). The notice shall specifically identify the document(s) or portions of the document for which the claim of privilege is asserted, and state the basis of the claim. In such an event, the receiving party shall promptly return the privileged and attorney work product to the sending party and may not disseminate, disclose, or use as evidence in this or any other proceeding until such time as the party asserts an objection to the claimed privilege and seeks a court order regarding such objection to the privilege.

21. <u>Non-Termination and Return of Documents</u>: Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel is entitled to retain one archival copy of: all documents filed with the court; trial, deposition, and hearing

transcripts; correspondence; deposition and trial exhibits; expert reports; attorney

work product; and consultant and expert work product. Counsel may retain these

materials even if such materials contain confidential information. The

confidentiality obligations imposed by this Protective Order shall remain in effect

until a designating party agrees otherwise in writing or a court orders otherwise.

22. A copy of this Protective Order shall accompany each copy of information

or records protected by this Protective Order released to any parties' experts. No

attorney or expert shall disclose any information gained or derived from the

aforementioned information or records to anyone without further order of this Court

unless the person to whom the information is disclosed is otherwise entitled to

obtain said information pursuant to this Protective order or to statutory exemptions

from confidentiality. Counsel for the parties shall use all documents and

information produced or disclosed pursuant to this Protective Order solely for the

purpose of preparation for trial and of this action.

23. This Protective Order shall remain in full force and effect until such time

as this Court modifies its terms or releases the parties from its provisions.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this

Order and provide copies to counsel.

**DATED** February 12, 2020.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge